UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:26-CV-00680-GNS

JULIO CESAR MARTINEZ-PALACIO PETITIONER

v.

JEFF TINDALL, Jailer,
Oldham County Kentucky Detention Center;
FRANK PADULA, Director of Chicago Field Office,
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security; and
TODD BLANCHE, Attorney General of the
United States RESPONDENTS

**ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus (DN 1).

On May 1, 2007, Petitioner Julio Cesar Martinez-Palacio ("Martinez-Palacio"), a native and citizen of El Salvador, was admitted into the United States through an airport in Houston, Texas, as a nonimmigrant with authorization to remain in the country until December 15, 2007. (Pet. ¶ 19, DN 1; Resp'ts' Resp. Show Cause Order Ex. 1, at 2, DN 6-1). He overstayed his visa.

On July 26, 2026, Martinez-Palacio was charged with operating a motor vehicle without a driver's license by law enforcement in Indiana, where he resides. (Pet. ¶¶ 21-22; Resp'ts' Resp. Show Cause Order Ex. 1, at 2). He was subsequently transferred to the custody of Immigration and Customs Enforcement ("ICE") and served with a Notice to Appear. (Pet. ¶ 23; Resp'ts' Resp. Show Cause Order Ex. 1, at 2; Resp'ts' Resp. Show Cause Order Ex. 2, at 1-2, DN 6-2). The Notice of Custody Determination reflects that Martinez-Palacio is to be detained pending the resolution of the removal proceedings, and while Respondents assert that this decision was served upon him, Martinez-Palacio refused to sign. (Resp'ts' Resp. Show Cause Order Ex. 1, at 3; Resp'ts' Resp.

Show Cause Order Ex. 3, at 1, DN 6-3). He is currently housed at the Oldham County Detention Center. (Pet. ¶ 23; Resp'ts' Resp. Show Cause Order Ex. 1, at 2).

On September 1, 2026, Martinez-Palacio filed the Petition for Writ of Habeas Corpus against Respondents: Jeff Tindall, Oldham County Jailer; Frank Padula, Director of the Chicago Field Office of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security; and Todd Blanche, Attorney General of the United States. (Pet. ¶¶ 15-18). He challenges his continued detention and alleges violations of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Pet. ¶¶ 27-36).

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, Martinez-Palacio bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

While Martinez-Palacio requests his immediate release, the record does not reflect that he has exhausted administrative remedies, and Respondents concede that 8 U.S.C. § 1226(a) applies to him. The Sixth Circuit has not yet decided "whether courts should impose administrative exhaustion in the context of a noncitizen's habeas petition for unlawful mandatory detention." *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (citing *Hernandez Torrealba v. U.S. Dep't of Homeland Sec.*, No. 1:25-CV-1621, 2025 WL 2444114, at *8 (N.D. Ohio Aug. 25, 2025)). Likewise, "[t]he Sixth Circuit has not formally adopted a standard for determining when prudential exhaustion applies." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 778 (E.D. Mich. 2025). However, to determine whether prudential exhaustion should be required, courts within

this circuit "have applied the three-factor test, set forth in *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983) (derived from *McGee v. United States*, 402 U.S. 479, 484 (1971); *McKart v. United States*, 395 U.S. 185, 193-95 (1969))." *Id.* Prudential exhaustion may be required when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* (citing *Shweika v. Dep't of Homeland Sec.*, No. 1:06-CV-11781, 2015 WL 6541689, at *12 (E.D. Mich. Oct. 29, 2015)).

Since the decision in *Lopez-Campos*, Respondents have indicated their commitment to apply that law. There is nothing to suggest that administrative review of the controlling legal question of whether Martinez-Palacio is entitled to bond would not result in an agency decision consistent with the law. Therefore, exhaustion is not futile in this case, and Martinez-Palacio must exhaust his administrative remedies by seeking a custody redetermination hearing before an immigration judge.

Accordingly, **IT IS HEREBY ORDERED** as that the Petition for Writ of Habeas Corpus (DN 1) is **DENIED WITHOUT PREJUDICE**. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
October 16, 2026

cc: counsel of record
Petitioner, *pro se*